**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OREN SNOWDEN,

Defendant - Appellant.

No. 23-3901

D.C. No.
2:18-cr-00018-RCJ-GWF-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Submitted June 17, 2024**

Before:     CANBY, PAEZ, and SUNG, Circuit Judges.

Oren Snowden appeals from the district court's order denying his motion for
compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction
under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v.
Wright*, 46 F.4th 938, 944 (9th Cir. 2022), we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Snowden contends that the district court erred by failing to treat his diabetes and chronic kidney disease, along with the increased threat of contracting COVID-19 in prison, as extraordinary and compelling reasons for compassionate release. He suggests that the court may not have reviewed his medical records and thus may have relied on clearly erroneous facts concerning his health. Finally, he argues that the district court erred in its analysis of the 18 U.S.C. § 3553(a) sentencing factors because it improperly relied on old convictions to conclude he remains a danger to the community and it "should have concluded that the term of imprisonment that Mr. Snowden has already served is sufficient to satisfy the purposes of sentencing."

Snowden's speculation about the district court's review of his medical records is belied by the court's order, which shows its familiarity with Snowden's health conditions and his arguments. But, even assuming the district court should have treated Snowden's medical conditions as extraordinary and compelling—which the government concedes in light of the 2023 amendment to U.S.S.G. § 1B1.13—Snowden has not shown any abuse of discretion in the court's independent § 3553(a) analysis. *See Wright*, 46 F.4th at 947-48 (holding that an erroneous application of § 1B1.13 is harmless if the court's § 3553(a) analysis independently supports the denial of relief). Snowden's assertions that his criminal history is outdated and that he has served enough time are "mere disagreements"

with how the district court weighed the § 3553(a) factors and do not show an abuse of discretion. *See id.* at 948.

We do not address Snowden's argument that we should "review" his conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Even assuming this argument can be raised in compassionate release proceedings, which we do not decide, Snowden did not raise it in the district court or in his opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**